IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

JEROMY HEDGES and KAYLA )
HEDGES, Husband and Wife, )
Individually, and as the Parents and )
Next Friends of E.H., a minor, )
)
    Plaintiffs, )
)
v. ) Case No. CIV-14-1145-R
)
TRAILER EXPRESS, INC. d/b/a )
TRAILER EXPRESS )
MANUFACTURING, INC., )
)
    Defendant. )

## ORDER

Before the Court is Defendant Trailer Express, Inc. d/b/a Trailer Express Manufacturing, Inc.'s Motion to Dismiss for Lack of Personal Jurisdiction. Doc. No. 11. This case was removed to this Court on the basis of diversity jurisdiction on October 20, 2014. Doc. No. 1, at 2. Defendant filed its Answer in state court on October 16, and asserted therein its defense of lack of personal jurisdiction. Doc. No. 1, Ex. 2, at 2. It filed the present motion on December 23, 2014. Doc. No. 11. Plaintiffs argue that this motion is untimely, that Defendant waived the defense by filing a Notice of Constitutional Question, and, alternatively, that the Court should grant them a 45-day extension to conduct jurisdictional discovery. Doc. No. 14, at 1, 4. The Court finds that this motion is timely and that Defendant has not waived the defense. Because Plaintiffs have failed to establish a prima facie case of personal jurisdiction over Defendant, and have not

demonstrated their entitlement to jurisdictional discovery, the undersigned grants Defendant's motion to dismiss.

**Timing**

Plaintiffs contend that this motion is untimely because Defendant did not raise the defense of lack of personal jurisdiction in a pre-answer motion to dismiss. *Id.* at 3. Two subsections of Federal Rule of Civil Procedure 12 are at play here. Rule 12(b) states that "[e]very defense to a claim for relief in any pleading must be asserted in the responsive pleading if one is required." Defendant satisfied that requirement by including the defense in its Answer. *See* Doc. No. 1, Ex. 2, at 2. Subsection (b) next states that "a party may assert the following defenses [including lack of personal jurisdiction] by motion." Plaintiffs argue that Defendant did not satisfy the next sentence of 12(b), which provides that "[a] motion asserting any of these defenses must be made before pleading if a responsive pleading is allowed." An answer to a complaint is allowed. FED. R. CIV. P. 7(a)(2). Thus, Plaintiffs argue, because Defendant did not file a motion to dismiss based on lack of personal jurisdiction before answering the complaint, this motion is untimely under Rule 12(b).

In response, Defendant points to subsection (h) of Rule 12, which states that the defense of lack of personal jurisdiction is waived by "failing to either: (i) make it by motion under this rule; or (ii) include it in a responsive pleading or in an amendment allowed by Rule 15(a)(1) as a matter of course." FED. R. CIV. P. 12(h)(1)(B). Because Defendant asserted the defense in its Answer (the responsive pleading), Defendant argues that it has not waived the defense. Plaintiffs have a different interpretation of the waiver

provision in subsection (h). Under their reading, a party waives a defense if it fails to satisfy *at least one* of the subparts. In other words, the defense is waived if that party fails to "make it by motion under this rule" (fails to make a pre-answer motion to dismiss), and it is also waived if that party fails to "include it in a responsive pleading" (the answer). Doc. No. 14, at 4. Because Defendant failed to file a pre-answer motion based on lack of personal jurisdiction, Plaintiffs argue that it has waived this defense under 12(h).

Although Plaintiffs' reading is a plausible interpretation of 12(h)(1)(B), at least when read in isolation from the rest of Rule 12, that is not the interpretation the Tenth Circuit has given to the waiver provision. The Tenth Circuit has consistently read Rule 12(h)(1)(B) as providing for waiver only when a party fails to satisfy *both* of its subparts.[1] Therefore, because Defendant included the defense in its Answer, it has not waived it under Rule 12(h). The question remains, however, whether Defendant has satisfied 12(b), and how to reconcile subsection (b), which appears to require a party to file a pre-answer motion to dismiss based on lack of personal jurisdiction, and subsection

---

[1] *See, e.g.*, *United States v. Foster*, 4 F. App'x 605, 606 n.2 (10th Cir. 2001) (unpublished) ("Personal jurisdiction is a waivable defense. Any objection a party may have to the court's exercise of personal jurisdiction over it must be asserted in the answer or in a pre-answer motion." (citing *FDIC v. Oaklawn Apartments*, 959 F.2d 170, 174-75 (10th Cir. 1992))); *United States v. 51 Pieces of Real Property, Roswell, N.M.*, 17 F.3d 1306, 1314 (10th Cir. 1994) ("Federal Rule of Civil Procedure 12 provides that objections to personal jurisdiction or service of process must be raised in a party's first responsive pleading or by motion before the responsive pleading."); *Justheim Petroleum Co. v. Hammond*, 227 F.2d 629, 633 (10th Cir. 1955) ("The rules provide that affirmative defenses must be pleaded and proved, and that a party waives all defenses and obligations which he does not present either by motion or in his answer or reply." (citing FED. R. CIV. P. 12(h)) (citations omitted)).

(h), which the Tenth Circuit has interpreted as *not* requiring a party to file a pre-answer motion in order to preserve this defense, as long as the defense is included in its answer.[2]

Having found no Tenth Circuit decision on point, the undersigned has considered the analysis of courts in other jurisdictions. In some cases, courts found no prejudice because the plaintiffs did not argue that the motion to dismiss was untimely. *See Eley v. Dep't of Veterans Affairs*, No. 10-4380 (JNE/TNL), 2012 WL 948558, at *3 n.4 (D. Minn. Feb. 27, 2012) (finding no prejudice because all defenses were asserted in the answer and the plaintiff filed no opposition to the motion); *Pope v. Elabo GmbH*, 588 F. Supp. 2d 1008, 1012-13 (D. Minn. 2008) (considering the motion on the merits when the defense was included in the answer and neither plaintiff argued that the motion was untimely). In other cases, courts held consistently with others that "have allowed untimely motions if the defense has been previously included in the answer." *Bellisio Foods, Inc. v. Prodo Pak Corp.*, No. 07-CV-4520 (PJS/JJG), 2008 WL 4867352, at *3 n.6 (D. Minn. Nov. 4, 2008) (quoting 5C Charles Alan Wright et al., *Federal Practice and Procedure: Civil* § 1361 at 93-94 (3d. ed. 2004); *see also Sperber v. Elwell*, No. 13-00783, 2013 WL 2934049, at *2 n.2 (D.N.J. June 13, 2013); *Yearwood v. Turner Const. Co.*, No. 09-5945, 2011 WL 570003, at *1 n.3 (E.D. Pa. Feb. 15, 2011). Neither of these approaches resolves the apparent conflict in Rule 12.

The undersigned is persuaded by the reasoning of the District Court for the Western District of Texas in *Dell Marketing, L.P. v. Incompass IT, Inc.*, 771 F. Supp. 2d

---

[2] The same issue arises with the Oklahoma rule. *See* OKLA. STAT. ANN. tit. 12, § 2012(B), (F)(1)(b) (West) (providing that "[a] motion making any of these defenses [including lack of personal jurisdiction] shall be made before pleading if a further pleading is permitted," and providing for waiver of this defense if "it is not made by motion and it is not included in a responsive pleading").

648 (W.D. Tex. 2011). In that case, the court looked at the version of Rule 12(b) prior to the 2007 amendments, which were intended to be "stylistic only." *Id.* at 653; FED. R. CIV. P. 12 advisory committee's note, 2007 Amendment. The former Rule 12(b) stated: "Every defense, in law or fact, to a claim for relief in any pleading, whether a claim, counterclaim, cross-claim, or third-party claim, shall be asserted in the responsive pleading thereto if one is required, except that the following defenses may at the option of the pleader be made by motion." FED. R. CIV. P. 12(b) (2006). After listing the 12(b) defenses, former Rule 12(b) stated that a motion asserting those defenses "shall be made before pleading if a further pleading is permitted." *Id.*

Under the court's interpretation in *Dell Marketing*, the earlier 12(b) language made it clear that a party has a choice of including a defense listed in subsection (b) either in a responsive pleading or in a motion. 771 F. Supp. 2d at 653. Because the 12(b) defenses may be made by motion, instead of being asserted in a responsive pleading, the mandatory language in 12(b) applies only when these defenses are made by motion *alone*. *Id.* Thus, when the defense is included in an answer, Rule 12(b) does not require a pre-answer motion asserting the defense. This reasonable interpretation of subsection (b) resolves the conflict with subsection (h) on waiver,[3] and is also consistent with the purpose of subsection (b). As the *Dell Marketing* court aptly stated:

> The defenses enumerated in Rule 12(b) are designed to allow a court to dispose of defective cases early, without having to consider the underlying merits …. The purpose of these defenses would be needlessly defeated if a

---

[3] *See Lindsay v. Thiokol Corp.*, 112 F.3d 1068, 1070 (10th Cir. 1997) ("[W]hen two provisions whose meanings, if examined individually, are clear, but whose meanings, when read together, conflict, it is up to the court to interpret the provisions so that they make sense." (quoting *Love v. Thomas*, 858 F.2d 1347, 1354 (9th Cir. 1988)).

> defendant was not allowed to assert such defenses in a motion simply because the defendant asserted them first in an answer.

771 F. Supp. 2d at 654. Accordingly, because Defendant asserted the defense of lack of personal jurisdiction in its Answer, it has satisfied both 12(b) and 12(h), and the present motion is therefore timely.

## Waiver

Plaintiffs next argue that Defendant waived its objection to personal jurisdiction by filing a Notice of Constitutional Question on December 2, 2014, in which it notified the Attorney General of Oklahoma that it challenges the constitutionality of an Oklahoma statute. Doc. No. 14, at 4; Doc. No. 10. Plaintiffs argue that this document constitutes a general appearance, and by not preserving its jurisdictional objection in the filing, it has waived any such objection. Doc. No. 14, at 4.

"Because the requirement of personal jurisdiction represents first of all an individual right, it can, like other such rights, be waived." *Ins. Corp. of Ireland, Ltd. v. Compagnie des Bauxites de Guinee*, 456 U.S. 694, 703 (1982). Even if a party asserts the defense of lack of personal jurisdiction in a responsive pleading, if the party continues to participate in litigation before filing a motion to dismiss, the Court can find that the party has waived this defense. *Hunger U.S. Special Hydraulics Cylinders Corp. v Hardie-Tynes Mfg. Co.*, 203 F.3d 835, 835 (10th Cir. 2000) (unpublished).

Plaintiffs cite to *First Texas Sav. Ass'n v. Bernsen*, 921 P.2d 1293, 1296 (Okla. Ct. App. 1996), for the proposition that "[a] general appearance in a case waives any objection based on a purported lack of personal jurisdiction." Doc. No. 14, at 4. But the

decision in *Bernsen* relied on an Oklahoma statute that provided for waiver when the defendant makes an "otherwise unqualified appearance." *Bernsen*, 921 P.2d at 1296. But Rule 12(b), which provides that "[n]o defense or objection is waived by joining it with one or more other defenses or objections in a responsive pleading or in a motion," "abolishes the distinction between general and special appearances." *Investors Royalty Co. v. Market Trend Survey*, 206 F.2d 108, 111 (10th Cir. 1953).[4] The proper question, then, is not whether Defendant made a general appearance, but whether its "continued participation in litigation is inconsistent with an assertion of lack of personal jurisdiction." *Hunger*, 203 F.3d at 835. Because the Notice filed by Defendant was required by Federal Rule of Civil Procedure 5.1(a), the Court finds no waiver.

**<u>Personal Jurisdiction</u>**

"Whether a federal court has personal jurisdiction over a nonresident defendant in a diversity action is determined by the law of the forum state." *Yarbrough v. Elmer Bunker & Assocs.*, 669 F.2d 614, 616 (10th Cir. 1982) (citations omitted). "The test for exercising long-arm jurisdiction in Oklahoma is to determine first whether the exercise of jurisdiction is authorized by statute and, if so, whether such exercise of jurisdiction is consistent with constitutional requirements of due process." *Luckett v. Bethlehem Steel Corp.*, 618 F.2d 1373, 1385-86 (10th Cir. 1980) (citations omitted). Because the Oklahoma long-arm statute extends jurisdiction to the maximum extent permitted by due process, "this two-part inquiry collapses into a single due process analysis." *Rambo v.*

---
[4] "Because this is a procedural question in a federal court, the Federal Rules of Civil Procedure govern." *R.L. Clark Drilling Contractors, Inc. v. Schramm, Inc.*, 835 F.2d 1306, 1307-08 (10th Cir. 1987) (applying federal law to the question of "whether the choice of law question was timely raised"). *See also* FED. R. CIV. P. 81(c)(1) ("These rules apply to a civil action after it is removed from a state court.").

*Am. S. Ins. Co.*, 839 F.2d 1415, 1416 (10th Cir. 1988) (quoting OKLA. STAT. ANN. tit. 12, § 2004(F) ("A court of this state may exercise jurisdiction on any basis consistent with the Constitution of this state and the Constitution of the United States.")).

"The Due Process Clause protects an individual's liberty interest in not being subject to the binding judgments of a forum with which he has established no meaningful 'contacts, ties, or relations.'" *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 471-72 (1985) (citation and footnote omitted). Accordingly, a court "may exercise personal jurisdiction over a nonresident defendant only so long as there exist 'minimum contacts' between the defendant and the forum State." *World-Wide Volkswagen Corp. v. Woodson*, 444 U.S. 286, 291 (1980) (citation omitted). If the minimum contacts test is met, the Court must determine if the exercise of personal jurisdiction over Defendant would offend "traditional notions of fair play and substantial justice," or, instead, is "reasonable." *OMI Holdings, Inc. v. Royal Ins. Co. of Canada*, 149 F.3d 1086, 1091 (10th Cir. 1998) (quoting *Asahi Metal Indus. Co. v. Superior Court of California*, 480 U.S. 102, 113 (1987)).

When, as in this case, the Court has ordered no evidentiary hearing, Plaintiffs must make a prima facie showing that personal jurisdiction exists over Defendant. *Intercon, Inc. v. Bell Atl. Internet Solutions, Inc.*, 205 F.3d 1244, 1247 (10th Cir. 2000). In determining the facts necessary to establish personal jurisdiction, the Court accepts as true the allegations set forth in the complaint, but only "to the extent they are uncontroverted by defendant's affidavits." *Buckhannon v. Monarch Life Ins. Co.*, 46 F.3d 1150, 1150 (10th Cir. 1995) (unpublished) (quoting *Ten Mile Indus. Park v. W. Plains*

*Serv. Corp.*, 810 F.2d 1518, 1524 (10th Cir. 1987)). Once the defendant provides affidavits that controvert the allegations in the complaint, the plaintiff must make a showing, "through specific averments, verified allegations, or other evidence sufficient to create a genuine issue of fact." *Shrader v. Biddinger*, 633 F.3d 1235, 1248 (10th Cir. 2011). Otherwise, the Court must accept the facts in the defendant's affidavits as true. *Id.* Here, the only fact relevant to personal jurisdiction that Plaintiffs allege in the Petition is that Defendant "designed, manufactured, sold, distributed and/or placed into the stream of commerce" the trailer at issue in this case. Pet. ¶ 3. They assert no additional facts in their response to Defendant's Motion to Dismiss.

### A. General Jurisdiction

The "minimum contacts" test can be satisfied in two ways. First, a court may assert general jurisdiction over a nonresident defendant "based on the defendant's general business contacts with the forum state." *OMI*, 149 F.3d at 109 (citing *Helicopteros Nacionales de Colombia v. Hall*, 466 U.S. 408, 418 (1984)). For general jurisdiction, the defendant's contacts with the forum state must be systematic and continuous. *Doering ex rel. Barrett v. Copper Mountain, Inc.*, 259 F.3d 1202, 1210 (10th Cir. 2001).

Based on the uncontroverted facts in Defendant's motion to dismiss, Defendant does not have sufficient minimum contacts with the state of Oklahoma to confer general personal jurisdiction. Defendant is a corporation organized under the laws of Missouri, with its principal, and only, place of business in Missouri. Doc. No. 11, Ex. 1, ¶ 2. It does not conduct business in Oklahoma, has no license to conduct business here, and all of its shareholders and employees live and work in Missouri. *Id.* ¶¶ 3-4. It has no offices or

bank accounts in Oklahoma, it does not own or lease property in Oklahoma, and it does not pay any taxes to this state. *Id.* ¶¶ 5, 7. Defendant does not directly advertise in or solicit business from Oklahoma. *Id.* ¶ 10. It has sold to customers who provided an Oklahoma address only three times in the past five years, and even in these cases the sales were made in Missouri. *Id.* ¶ 9. These activities do not constitute systematic and continuous contact with Oklahoma.

### B. Specific Jurisdiction

The second way the "minimum contacts" test can be satisfied is by specific jurisdiction. A court may exercise specific jurisdiction over a nonresident defendant if the defendant has "such minimum contacts with the forum state 'that he should reasonably anticipate being haled into court there.'" *OMI*, 149 F.3d at 1091 (quoting *World-Wide Volkswagen*, 444 U.S. at 297)). "Within this inquiry we must determine whether the defendant purposefully directed its activities at residents of the forum, and whether the plaintiff's claim arises out of or results from 'actions by the defendant *himself* that create a substantial connection with the forum state.'" *Id.* (quoting *Asahi*, 480 U.S. at 109).

Defendant does not have sufficient minimum contacts with the state of Oklahoma to confer specific jurisdiction. Although it appears that Plaintiffs are Oklahoma residents, Defendant states that the trailer at issue was manufactured and sold in Missouri, Doc. No. 11, at 5, and Plaintiffs do not dispute that fact. "[T]he mere foreseeability that a customer will unilaterally move a chattel into a given state does not create jurisdiction over the vendor of the chattel." *Bell Helicopter*, 385 F.3d at 1297 (citing *World-Wide Volkswagen*, 444 U.S. at 298 (citation omitted). Even if Defendant knew that the trailer would be used

10

in Oklahoma, that fact is insufficient to constitute purposeful availment of the protections of Oklahoma law. *Id.* (citing *Fid. & Cas. Co. of New York v. Phil. Resins Corp.*, 766 F.2d 440, 446-47 (10th Cir. 1985)). Absent other facts demonstrating that Defendant purposefully availed itself of the privilege of conducting business in Oklahoma, the Court may not exercise specific personal jurisdiction over Defendant consistent with due process. Based on the facts presently before the Court, Plaintiffs have not satisfied their burden of establishing a prima facie case of personal jurisdiction over Defendant.

## **Jurisdictional Discovery**

Plaintiffs request an extension of forty-five days in which to conduct jurisdictional discovery. Doc. No. 14, at 4. Defendant argues that the Court should not permit such discovery because it would constitute an "inappropriate fishing expedition," as Plaintiffs do not state what facts they expect to find that will alter the assertions made by Defendant on the issue of jurisdiction. Doc. No. 15, at 10. Plaintiffs have the burden of demonstrating a legal entitlement to jurisdictional discovery and how they will be prejudiced from the denial of such discovery. *Grynberg v. Ivanhoe Energy, Inc.*, 490 F. App'x 86, 103 (10th Cir. 2012) (unpublished) (citing *Breakthrough Mgmt. Grp., Inc. v. Chukchansi Gold Casino & Resort*, 629 F.3d 1173, 1189-90 & n.11 (10th Cir. 2010). The Court has broad discretion to deny jurisdictional discovery. *Grynberg*, 490 F. App'x at 102 (citing *Breakthrough Mgmt.*, 629 F.3d at 1188-89).

Plaintiffs do not explain how they would be prejudiced if denied discovery. They seek to cross-examine Defendant's president and to "conduct document discovery on the issue of the extent of Defendant's activities in Oklahoma," but never state what they

11

expect to find in this discovery. Doc. No. 14, at 4. The Court finds that there is a "very low probability that the lack of [jurisdictional] discovery" will affect the outcome of this case. *See Grynberg*, 490 F. App'x at 103 (quoting *Bell Helicopter Textron, Inc. v. Heliqwest Int'l, Ltd.*, 385 F.3d 1291, 1299 (10th Cir. 2004)). Accordingly, Plaintiffs have failed to demonstrate their entitlement to jurisdictional discovery, and their request is denied.

## **Conclusion**

Defendant's motion to dismiss for lack of personal jurisdiction is timely and it has not waived this defense by filing a Notice of Constitutional Question. Because Plaintiffs have not established a prima facie case of personal jurisdiction over Defendant, and have not demonstrated their entitlement to jurisdictional discovery, Defendant's motion to dismiss [Doc. No. 11] is GRANTED.

IT IS SO ORDERED this 29th day of January, 2015.

_____
DAVID L. RUSSELL
UNITED STATES DISTRICT JUDGE